FILED

OCT 2 5 2022

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

1:22cv109
TSK/MJA

**Plaintiff Samantha Jo Folio**
P.O. Box 4032
Clarksburg WV,
26301

Vs.

**COMPLAINT**
**CIVIL ACTION NO:**
1. **Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec 2000e,** et seq.)
2. Violation of the First Amendment to the U.S. Constitution
3. Violation of **42 U.S. Code § 12203 Prohibition against retaliation and coercion**
4. Violation of **28 U.S. Code § 4101 Defamation of Character Libel and Slander**
5. **Violation of** United States Code: Fraud and False Statements, 18 U.S.C. §§ 1001-1026 (1952)
6. **Violation of 22 U.S. Code § 2755 - Discrimination prohibited if based on race, religion, national origin, or sex**
7. **Violation of 19 U.S. Code § 1592 - Penalties for fraud, gross negligence, and negligence**
8. **Intentional Infliction of Emotional Distress** Torts section 46 cmt. d (1965)
DEMAND FOR JURY TRIAL

**Defendant Alorica Inc.**
5161 California Ave.
Irvine, CA
92617

---

COMPLAINT FOR DAMAGES AND INJINCTIVE RELIEF

---

**NOW COMES,** the Plaintiff Samantha Jo Folio resident of Clarksburg West Virginia pro se litigant, for her Complaint against the Defendant Alorica Inc. does so state the following:

### PARTIES

1. Plaintiff Samantha Folio an adult individual and resident of Harrison County West Virginia.
2. Defendant Alorica Inc,. A Business Entity that Employed the Plaintiff in the State of West Virginia.

### JURISTICTION AND VENUE

3. All allegations contained herein occurred in the State of West Virginia. According to 28 U.S. Code § 1343 Civil rights and elective franchise (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: **(1)** To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

4. Both Parties involved conducted business in the state of West Virginia. Plaintiff Samantha Folio is a resident of Harrison County and Defendant Alorica Inc. Who headquarters in a foreign state of California. According to 28 U.S. Code § 1330 - Actions against foreign states **(a)**The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in person with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement. **(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title. ( c) For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title.

5. It would be of great hardship for Plaintiff Samantha Folio to travel to another state.

## FACTS

6. On 08/19/2021 Defendant Alorica's recruiter contacted Plaintiff Samantha Folio through indeed a job fair website to apply for Defendant Alorica's work at home call center position based on Plaintiff's extensive experience in Customer Service.

7. On 08/23/2021 Plaintiff Samantha Folio was given an official offer of employment by Defendant Alorica and a thorough background check in which Plaintiff Samantha Folio passed.

8. On 09/13/2021 Plaintiff Samantha Folio began training class for Defendant Alorica in Plaintiff Samantha Folio's residence.

9. On 09/21/2021 the Defendant Alorica's Trainor Jerimiah Grey was informed by coworker Kiersten Brookover that Plaintiff Samantha Folio had a tarot YouTube Channel where she gave free zodiac tarot readings and ministered her deeply held religious beliefs as an ordained minister of Universal Life Church and an American Hellenist focused on Goddess Aphrodite the Goddess of Love and Beauty.

10. After Defendant Alorica's Trainor Jerimiah Grey discovered Plaintiff's religion Plaintiff Samantha Folio was treated differently from the rest of the class and harshly. The same day Plaintiff Samantha Folio was taken into a private chat room and verbally yelled at for "having a cell phone on camera" Although other coworkers had their cell phones

exposed, Jerimiah Grey trainer for Defendant Alorica never made clear we could not have our cell phones out and we needed our cell phones in order to do 2 factor authentication to get into our work systems.

11. After Defendant Alorica became aware of Plaintiff Samantha Folio religious beliefs as an American Hellenist Defendant Alorica Inc. Management team including Jerimiah Grey would ignore relevant questions from Plaintiff Samantha Folio about the course material and would frequently call Plaintiff Samantha Folio names such as stupid when he did respond.

12. On or about 10/04/2021 Kiersten Brookover an employee of Defendant Alorica Inc. fabricated screenshots of a text message using Plaintiff Samantha Folios name and photograph using a cell phone app entitled Fake Messenger 2020 published by Sunny Lighting in Entertainment or like which a third party computer profession did verify in order to publish the screenshots to Plaintiffs Samantha Folio mutual employer Alorica with extreme malice and full knowledge they were false with the intention of having the Plaintiff Samantha Folio terminated from employment with Alorica.

13. On 10/04/2021 Defendant Alorica Inc. Management team of Jerimiah Grey and Sarah Wilson put Plaintiff Samanatha Folio into a chat room entitled Samantha's suspension on Alorica's computer in Plaintiff's home. At that time Plaintiff was questioned by Defendant Alorica's training manager Sarah Wilson if Plaintiff, "Sacrificed a Dove to Satan in order to curse Kiersten Brookover's unborn child." Plaintiff responded no. Afterwards, Sarah Wilson Defendant Alorica Training Supervisor did state, "We do not want witchcraft here." Plaintiff Samantha Folio asked to see any written documentation that stated what Sarah Wilson was alleging and Sarah Wilson refused Plaintiff's request to view the alleged message.

14. On 10/04/2021 Plaintiff emailed screen shots of the conversation on Facebook between coworker Kiersten Brookover and Plaintiff to Sarah Wilson as well as credentials of ministry. In the screen shots, which have been authenticated with an IP addresses by a third party professional, Kiersten Brookover Defendants employee contacted Plaintiff and wanted to go into business with Plaintiff and Plaintiff politely declined.

15. On 10/04/2021 Plaintiff has verified evidence that she blocked coworker Kiersten Brookover on Facebook.

16. Plaintiff Samantha Folio was hospitalized multiple times beginning 10/05/2021 for panic attacks as a result of Defendant Alorica Inc. And Alorica's employee Kiersten Brookover negligent and malicious actions.

17. Plaintiff Samantha Folio followed Defendant Alorica's procedure and filed with Alorica's in house discrimination company Conversant on 10/07/2021 on 10/09/2021 Defendant Alorica assigned Penny Richard to the case.

18. Plaintiff Samantha Folio filed a complaint with the EEOC on Alorica 533-2022-00080 10/14/2021 for religious discrimination because she was completely ignored by Defendant Alorica. Plaintiff Samantha Folio was denied multiple requests to view Defendant Kiersten Brookover fabricated screenshots of text message.

19. On 10/20/2021 Plaintiff Samanatha Folio was contacted by Keven Woodall who identified himself as a Private Investigator hired by Defendant Alorica to investigate a security threat and asked if he could ask Plaintiff some questions. Plaintiff Samantha Folio agreed and was asked very inappropriate questions she immediately wrote down afterwards. All of the questions were meant to insult Plaintiffs sincerely held religious beliefs. Such as, "Did you sell your soul to Satan", "Did you read Kiersten's Tarot Cards and threaten the life of her unborn baby?", and "Did you send Kiersten pornography of you having sex with a demon?" Of course, Plaintiff Samantha Folio said no and asked to see the alleged messages and again was denied access.
20. Plaintiff Samantha Folio was subsequently terminated from employment with Alorica on 11/09/2021 following the investigation and in retaliation to Plaintiff filing with the EEOC.
21. On 02/21/2021 Jackson Lewis a law firm employed by Defendant Alorica wrote a position statement and did publish that position statement to Maria Chevez the EEOC investigator. In the position statement Defendant Alorica's management team and legal team stated the alleged messages written and produced by Defendant's employee Kiersten Brookover as the main reason for termination of employment. Again, Plaintiff was denied access to the alleged text messages upon request.
Defendant also published that Plaintiff was disciplined for dress code which simply did not happen it was a work from home position and dress code was only discussed with the entire class not just Plaintiff the first day and Alorica's trainer Jerimiah Grey basically said wear a shirt while you are on web camera.
Defendant also stated that Plaintiff Samantha Folio did makeup during class but failed to state it was during a 15-minute break and Plaintiff accidently turned the web camera off and trainer Jerimiah Grey said, "Samantha your makeup looks pretty." Prior to him finding out about Plaintiff's deeply held religious beliefs and public ministry. So Jerimiah Grey trainer for Defendant did compliment Plaintiff not discipline. Upon discovery that can easily be proven.
22. On 5/12/2022 the EEOC dismissed Plaintiff Samantha Folio charge of religious discrimination against Alorica on the grounds of the Defendant Kiersten Brookover fabricated text messages.
23. On 5/17/2022 Plaintiff Samantha Folio filed an appeal with the EEOC. Gregory Nanney on or about 5/24/2022 granted Plaintiff Samantha Folio appeal and allowed Plaintiff Samantha Folio to view Defendant Kiersten Brookover fabricated text messages for the first time.
24. The screen shot provided by Gregory Nanney of the EEOC contained a photograph that was time stamped 9/26/2021 at 1:18 AM. Plaintiff Samantha Folio posted the same photograph to her Facebook page on 9/28/2021 when Plaintiff first saw the photograph. The original author of the photograph Joe Constable a Police Officer and creator of the photograph uploaded the photograph immediately upon creating the photograph to his Facebook page in daylight in the afternoon of 9/26/2021 at 3:34 PM and is willing to testify. I also have physical timestamped evidence as well as an expert witness.

25. 09/08/2022 Defendant Alorica's employee Kiersten Brookover did write, sign and notarize that Defendant Alorica did file a fraudulent Workman's Compensation claim on her behalf for the messages she fabricated in Plaintiff's name.

### COUNT 1: Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec 2000e, et seq.)

26. Title VII of the Civil Rights Act of 1964 **(42 U.S.C. Sec 2000e, et seq.)** prohibits employment discrimination on the basis of religion.
27. Defendant Alorica's management team did treat Plaintiff Samantha Folio differently and harshly after learning about Plaintiff Samantha Folio deeply held religious beliefs as an American Hellenist and Plaintiff's public ministry including harassment and termination by employees as well as management paid by Defendant Alorica.

### COUNT 2: Violation of the First Amendment to the U.S. Constitution

28. The First Amendment provides that **Congress make no law respecting an establishment of religion or prohibiting its free exercise**. It protects freedom of speech, the press, assembly, and the right to petition the Government for a redress of grievances.
29. Defendant Alorica Inc. Violated Plaintiff Samantha Folio first amendment rights by terminating employment for witchcraft which is Plaintiff Samantha Folio deeply held religious beliefs as an American Hellenist.

### Count 3: Violation of 42 U.S. Code § 12203 - Prohibition against retaliation and coercion

30. 42 U.S. Code § 12203 - Prohibition against retaliation and coercion (a)RETALIATION No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. **(b)INTERFERENCE, COERCION, OR INTIMIDATION** It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.
31. Defendant Alorica did intimidate and harass Plaintiff Samantha Folio with a private investigator Kevin Woodall hired by Defendant Alorica by asking inappropriate questions designed to insult Plaintiffs deeply held religious beliefs.
32. Defendant Alorica did retaliate against Plaintiff Samantha Folio after Plaintiff exercised her rights as an American Citizen and followed procedure by filing with the EEOC.

### Count 4: Violation of 28 U.S. Code § 4101 Defamation of Character Libel and Slander

33. **28 U.S. Code § 4101 Defamation of Character Libel and Slander** The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional

distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.
34. Defendant Alorica employee did author and publish fabricated text messages in Plaintiff Samanatha Folio name with extreme malice in order to have Plaintiff terminated from employment.
35. Defendant Alorica management team did author and publish a position statement to the EEOC with gross negligence of material fact the fabricated text messages even after Plaintiff requested to see them and was denied and Plaintiff denied writing anything other than the third party ip address verified Facebook messages.
36. Defendant Alorica also wrote in the position statement and published it to the EEOC that Plaintiff was disciplined for dress code which simply did not happen.
37. Defendant Alorica also wrote in the position statement and published it to the EEOC that coworker Kiersten Brookover husband filed police reports against Plaintiff but failed to provide any evidence.
38. Defendant Alorica also wrote in the position statement and published it to the EEOC that Plaintiff was terminated for doing her makeup during class but failed to mention it was during a well-documented 15-minute break and the trainer Jerimiah Grey did not discipline Plaintiff but instead complimented her.
39. Defendant Alorica wrote the position statement and published it to the EEOC with gross negligence and malicious intent in order to justify violating Plaintiff Samantha Folio's First Amendment Rights and profited financially for doing so.

## Count 5: Violation of United States Code:
## Fraud and False Statements, 18 U.S.C. §§ 1001-1026 (1952)

40. Fraud and False Statements, 18 U.S.C. §§ 1001-1026 (1952) **(a)**Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—**(1)**falsifies, conceals, or covers up by any trick, scheme, or device a material fact **(2)** makes any materially false, fictitious, or fraudulent statement or representation; or **(3)** makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in <u>section 2331</u>), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.
41. Defendant Alorica employee did author and publish fabricated text messages in Plaintiff Samanatha Folio name with extreme malice in order to have Plaintiff terminated from employment.
42. Defendant Alorica management team did author and publish a position statement to the EEOC with gross negligence of material fact the fabricated text messages even after

Plaintiff requested to see them and was denied and Plaintiff denied writing anything other than the third party ip address verified Facebook messages.
43. Defendant Alorica also wrote in the position statement and published it to the EEOC that Plaintiff was disciplined for dress code which simply did not happen.
44. Defendant Alorica also wrote in the position statement and published it to the EEOC that coworker Kiersten Brookover husband filed police reports against Plaintiff but failed to provide any evidence.
45. Defendant Alorica also wrote in the position statement and published it to the EEOC that Plaintiff was terminated for doing her makeup during class but failed to mention it was during a well-documented 15-minute break and the trainer Jerimiah Grey did not discipline Plaintiff but instead complimented her.
46. Defendant Alorica wrote the position statement and published it to the EEOC with gross negligence and malicious intent in order to justify violating Plaintiff Samantha Folio's First Amendment Rights and profited financially for doing so.
47. 09/08/2022 Defendant Alorica's employee Kiersten Brookover did write and notarize that Defendant Alorica did file a fraudulent Workman's Compensation claim on her behalf for the messages she fabricated in my name.

## COUNT 6: Violation of 22 U.S. Code § 2755 - Discrimination prohibited if based on race, religion, national origin, or sex

48. **22 U.S. Code § 2755 - Discrimination prohibited if based on race, religion, national origin, or sex (a)CONGRESSIONAL DECLARATION OF POLICY**It is the policy of the United States that no sales should be made, and no credits (including participations in credits) or guaranties extended to or for any foreign country, the laws, regulations, official policies, or governmental practices of which prevent any United States person (as defined in section 7701(a)(30) of title 26) from participating in the furnishing of defense articles or defense services under this chapter on the basis of race, religion, national origin, or sex.**(b)EMPLOYMENT OF PERSONNEL; REQUIRED CONTRACTUAL PROVISION(1)**No agency performing functions under this chapter shall, in employing or assigning personnel to participate in the performance of any such function, whether in the United States or abroad, take into account the exclusionary policies or practices of any foreign government where such policies or practices are based upon race, religion, national origin, or sex.
49. Defendant Alorica's management team did treat Plaintiff Samantha Folio differently and harshly after learning about Plaintiff Samantha Folio deeply held religious beliefs as an American Hellenist and Plaintiff's public ministry including harassment and termination by employees as well as management paid by Defendant Alorica.
50. Defendant Alorica Inc. Violated Plaintiff Samantha Folio first amendment rights by terminating employment for witchcraft which is Plaintiff Samantha Folio deeply held religious beliefs as an American Hellenist.

## COUNT 7: Violation of 19 U.S. Code § 1592 - Penalties for fraud, gross negligence, and negligence

51. 19 U.S. Code § 1592 - Penalties for fraud, gross negligence, and negligence(1)FRAUD A fraudulent violation of subsection (a) is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise. **(2)GROSS NEGLIGENCE** A grossly negligent violation of subsection (a) is punishable by a civil penalty.
52. Defendant Alorica employee did author and publish fabricated text messages in Plaintiff Samanatha Folio name with extreme malice in order to have Plaintiff terminated from employment.
53. Defendant Alorica management team did author and publish a position statement to the EEOC with gross negligence of material fact the fabricated text messages even after Plaintiff requested to see them and was denied and Plaintiff denied writing anything other than the third party ip address verified Facebook messages.
54. Defendant Alorica also wrote in the position statement and published it to the EEOC that Plaintiff was disciplined for dress code which simply did not happen.
55. Defendant Alorica also wrote in the position statement and published it to the EEOC that coworker Kiersten Brookover husband filed police reports against Plaintiff but failed to provide any evidence.
56. Defendant Alorica also wrote in the position statement and published it to the EEOC that Plaintiff was terminated for doing her makeup during class but failed to mention it was during a well-documented 15-minute break and the trainer Jerimiah Grey did not discipline Plaintiff but instead complimented her.
57. Defendant Alorica wrote the position statement and published it to the EEOC with gross negligence and malicious intent in order to justify violating Plaintiff Samantha Folio's First Amendment Rights and profited financially for doing so.
58. 09/08/2022 Defendant Alorica's employee Kiersten Brookover did write and notarize that Defendant Alorica did file a fraudulent Workman's Compensation claim on her behalf for the messages she fabricated in my name.

## Count 8: Intentional Infliction of Emotional Distress
### Torts section 46 cmt. d (1965)

59. **Intentional Infliction of Emotional Distress The Restatement (2nd) of Torts, section 46,** states:(1) **One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.** (2) Where such conduct is directed at a third person, **the actor is subject to liability if he intentionally or recklessly causes severe emotional distress:** (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or (b) **to any other person who is present at the time**, if such distress results in bodily harm.
60. Defendant Alorica did intentionally and maliciously cause emotional distress to Plaintiff Samantha Folio causing multiple panic attacks and Plaintiff to seek out first time therapy with Harmony Psychiatrists after Defendant Alorica learned of Plaintiff's deeply held

religious beliefs and public ministry by treating Plaintiff harshly and differently including harassment, threats of termination, and termination.

**WHEREFORE,** Plaintiff Samantha Folio demands judgment against Defendant Alorica Inc. for compensatory damages of Punitive damages, lost wages, lawyer fees, medical bills, late fees on bills, emotional distress, and damage to Plaintiffs reputation in the amount of $2,500,000 or as the court deems appropriate. A formal investigation into the criminal actions of this company and prosecution. As well as a written, notarized apology and full retraction of the legitimacy of the screenshots with Plaintiff Samantha Folio name and admittance they are fraudulent, as well as the position statement sent to Plaintiff Samantha Folio. Furthermore, Plaintiff Samantha Folio **demands trial by jury on all issues so triable.**

Respectfully Submitted,

*[signature]*

Samantha Jo Folio
*Plaintiff, Pro Se*
**P.O. Box 4032
Clarksburg WV, 26301**

FolioSamantha@gmail.com

## VERIFICATION

I, Samantha Folio do hereby certify and swear under penalty of perjury that the factual information set forth in the foregoing Complaint, is true and correct, to the best of my knowledge and belief, the undersigned certifies and verifies as aforementioned that I verily believe the same to be true.

*Samantha Jo Folio*
Samantha Jo Folio
Plantiff

STATE OF WEST VIRGINIA
COUNTY OF HARRISON, TO-WIT:

I, Richard C. Evey Jr, A Notary Public in and for the State and County aforesaid do hereby certify that Samantha Jo Folio, whose name is signed in the foregoing Verification bearing the date of 25 day of October 2022, has this day acknowledged the same before me in my said county.

Given under my hand this 25 day of October, 2022.
My commission expires 15 October 2024.

*Notary Public*

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Richard C. Evey, Jr
Clarksburg-Harrison Public Library
404 West Pike Street, Clarksburg, WV 26301
My Commission Expires October 15, 2024