**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**SAMANTHA JO FOLIO,**

   **Plaintiff,**

**v.**              **Civil Action No. 1:22-CV-109
(JUDGE KLEEH)**

**ALORICA, INC.,**

   **Defendant.**

<u>**OMNIBUS REPORT AND RECOMMENDATION**</u>

This matter comes before the undersigned U.S. Magistrate Judge pursuant to an Order of Referral entered by Chief District Judge Thomas S. Kleeh on October 26, 2022. ECF No. 4. Presently pending before the Court are Defendant Alorica, Inc.'s Motion to Dismiss Amended Complaint Counts II and III, ECF No. 23, and memorandum in support thereof, ECF No. 23-1, *pro se* Plaintiff Samantha Jo Folio's Surresponse Brief, Motion to Compel Discovery, and Motion to Strike, ECF No. 30, Defendant's Motion to Strike Plaintiff's Surreply to Defendant's Motion to Dismiss, ECF No. 31, Plaintiff's Omnibus Motion in Opposition to Strike and Motion for Default Judgment, ECF No. 32, Plaintiff's Motion to Sanction Defense Counsel, ECF No. 33, and Plaintiff's Omnibus Motion for Disclosure and to Disqualify Defense Counsel, ECF No. 34.

The undersigned is also in receipt of Plaintiff's Response, or "Motion in Opposition of Motion to Dismiss," ECF No. 27, the attachments thereto, ECF Nos. 27-1 through 27-21, Defendant's Reply, ECF No. 28, Defendant's Response in Opposition to Plaintiff's Omnibus Motion in Opposition to Motion to Strike and Motion for Default Judgment, ECF No. 35, Defendant's Response in Opposition to Plaintiff's Motion to Sanction Defense Counsel, ECF No.

36, and Defendant's Response in Opposition to Plaintiff's Motion for Disclosure and to Disqualify Defense Counsel, ECF No. 37.

For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant Alorica, Inc.'s Motion to Dismiss Amended Complaint Counts II and III, ECF No. 23, be **GRANTED**, Defendant's Motion to Strike Plaintiff's Surreply to Defendant's Motion to Dismiss, ECF No. 31, be **DENIED**, Plaintiff's Motion to Strike and Motion to Compel Discovery, ECF No. 30, be **DENIED IN PART** and **GRANTED IN PART**, and that Plaintiff's other pending Motions, ECF Nos. 32, 33, 34, be **DENIED**.

## I. LEGAL STANDARDS

To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement serves to give "the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir.2008). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. The factual allegations simply must be "enough to raise a right to relief above the speculative level." *Id*. The "sheer possibility that a defendant has acted unlawfully" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility is established when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, a

court must "liberally construe" complaints filed *pro se. Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When rendering its decision, a court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. *Conklin v. Jefferson Cty. Bd. of Educ.*, 205 F. Supp. 3d 797, 803 (N.D.W. Va. 2016) (citing *Anheuser–Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir.1995)).

## II. FACTUAL BACKGROUND

Plaintiff Samantha Folio is resident of Harrison County, West Virginia, who identifies as an American Hellenist, with her worship of the Goddess Aphrodite, and who serves as an ordained minister in the Universal Life Church. ECF No. 20 at 1-2.

On September 13, 2021, Plaintiff began a remote, or at-home, employment position with Defendant Alorica Inc. in a call center-type position. ECF No. 20 at 2.

On September 21, 2021, employee trainer Jeremiah Grey learned from employee Kiersten Brookover that Plaintiff has a YouTube Channel where she gives free tarot readings and ministers as part of "her deeply held religious beliefs as an ordained minister of Universal Life Church and an American Hellenist[.]" ECF No. 20 at 2.

Plaintiff alleges Grey treated her harshly and differently after discovering her religion. *Id.* For example, on the same day, September 21, 2021, Grey took Plaintiff "into a private chat room" and "yelled at" her for "having a cell phone on camera," despite other employees also utilizing cell phones and cell phones being required for Defendant's computers' two-factor authentication system. ECF No. 20 at 2-3.

Plaintiff claims that, after discovering her religion, members of the management team treated Plaintiff differently, such as ignoring her relevant questions regarding course materials or calling Plaintiff names such as "stupid." ECF No. 20 at 3.

On October 4, 2021, a meeting occurred between Plaintiff and Defendant's management team in a chat room entitled "Samantha's Suspension." ECF No. 20 at 3. Defendant's training manager Sarah Wilson allegedly asked Plaintiff if she "sacrificed a dove to Satan in order to curse Kiersten Brookover's unborn child," to which the Plaintiff responded, "no." Thereafter, Defendant's training manager Wilson alleged stated "We do not want witchcraft here."

Plaintiff began receiving medical treatment because of the emotional distress caused by the religious discrimination starting on October 5, 2021. ECF No. 20 at 3. Plaintiff followed Defendant's internal grievance procedures for the religious discrimination using in-house HR Company Conversant. *Id*.

On October 14, 2021, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination by Defendant Alorica. *Id*.

On October 20, 2021, Plaintiff was contacted by private investigator Kevin Woodall, a private investigator hired by Alorica, who asked discriminatory questions such as "Did you sell your soul to Satan?" "Did you read Kiersten Brookover's tarot cards and threaten the life of her unborn baby?" and "Did you send Kiersten pornography of you having sex with a demon?" ECF No. 20 at 4. Plaintiff alleges she repeatedly asked Alorica agents to see the purported text messages between her and her former coworker Kiersten Brookover and was repeatedly denied the opportunity to do so. *Id*.

Plaintiff alleges she was subsequently fired on November 9, 2021 following the internal investigation and in retaliation for her filing of a formal EEOC complaint. ECF No. 20 at 4.

4

On February 21, 2021, EEOC Respondent, now Defendant, Alorica responded to the EEOC Complaint with a position statement and documents, including the purported messages between Kiersten Brookover and Plaintiff regarding the sacrifice of a dove. ECF No. 20 at 4.

On May 12, 2022, the EEOC dismissed Plaintiff's charge of religious discrimination. *Id*. On May 17, 2022, Plaintiff filed an appeal with the EEOC, which was later granted on or about May 24, 2022. *Id*. Plaintiff alleges once the appeal was opened, she finally was able to review the purported text message conversation between herself and former coworker Kiersten Brookover, which had been cited as the basis for the companies' actions. *Id*. Plaintiff maintains that this digital conversation never occurred and were instead messages fabricated by Brookover "in Plaintiff's name." ECF No. 20 at 5.

## III. BACKGROUND

### (i)      Amended Complaint

In her Amended Complaint, filed on December 6, 2022, Plaintiff Samantha Folio brings four "Counts," or causes of action, against Defendant Alorica, Inc. ECF No. 20. In Count One, Plaintiff claims she was discriminated against by Defendant Alorica, Inc. in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff alleges she faced adverse treatment by the management team because of her deeply held religious beliefs as an American Hellenist, was suspended without pay after filing her EEOC Charge, and was terminated. Plaintiff Samantha Folio further alleges that Defendant's former employee Kirsten Brookover fabricated text messages regarding the sacrifice of a bird as pretext to support the religious discrimination of Plaintiff Folio, and these fabricated text messages were provided to the EEOC as an Exhibit by Defendant Alorica.  ECF No. 20 at 3, 5.

In Count Two, Plaintiff alleges Defendant Alorica, Inc. engaged in retaliation and/or coercion in violation of 42 U.S.C. § 12203. ECF No. 20 at 5-6. In support of Count Two, Plaintiff states, *inter alia*, that "Plaintiff was suspended without pay on 10/04/2021[,]" "Defendant Alorica did intimidate and harass Plaintiff Samantha Folio with a private investigator Kevin Woodall hired by Defendant Alorica by asking inappropriate questions designed to insult Plaintiffs deeply held religious beliefs," and "Defendant Alorica did retaliate against Plaintiff Samantha Folio after Plaintiff exercised her rights . . . and followed procedure by filing with the EEOC on 10/14/2021 by terminating Plaintiff's employment on 11/9/2021." ECF No. 20 at 6.

In Count Three, Plaintiff Folio alleges that Defendant Alorica, Inc. performed defamation of character, libel, and slander, in violation of 28 U.S.C. § 4101, by publishing fabricated text messages with Samantha Folio's name "with extreme malice in order to have Plaintiff terminated from employment." ECF No. 20 at 7. Plaintiff Folio alleges Defendant wrote various position statements and published those as well as provided fabricated text messages to the EEOC. ECF No. 20 at 7.

In Count Four, claiming Intentional Infliction of Emotion Distress, Plaintiff Folio alleges that Defendant Alorica intentionally, maliciously treated Plaintiff harshly and/or differently causing emotional distress to Plaintiff, resulting in panic attacks and the need for mental health treatment. ECF No. 20 at 8.

Plaintiff demands a judgment, including compensatory damages, lost wages, lawyers' fees, medical bills, "late fees on bills," punitive damages, "emotional distress, and damage to Plaintiff's reputation in the amount of $2,500,000 or as the court deems appropriate" ECF No. 20 at 8. Plaintiff also seeks, as a remedy, a "formal investigation into the criminal actions of this company and prosecution" as well as "a written, notarized apology and full retraction of the legitimacy of

the screenshots with Plaintiff Samantha Folio name and admittance they are fraudulent, as well as the position statement sent to Plaintiff Samantha Folio." *Id*. Furthermore, Plaintiff demands a trial by jury on all issues so triable. *Id*.

### (ii) Defendant's Motion to Dismiss and Accompanying Memorandum of Law

In its Motion to Dismiss, filed on January 6, 2023, Defendant Alorica first argues that Count II, Retaliation under the Americans with Disabilities Act, ECF No. 20 at 5-6, should be dismissed because Plaintiff has not exhausted her administrative remedies, and the failure to exhaust is incurable. ECF No. 23-1 at 4. Defendant notes that Plaintiff's EEOC Charge form only indicated religious discrimination and in no way mentions disability, retaliation, or protected activity. Defendant Alorica next argues that Plaintiff cannot plead a viable defamation claim based upon the privileged information Alorica provided to the EEOC during the administrative, investigatory process. ECF No. 23-1 at 5-7. Defendant, thus, seeks that this Court also dismiss Count III of the Amended Complaint, with prejudice. ECF No. 23-1 at 7.

### (iii) Plaintiff's Motion in Opposition to Motion to Dismiss

In her Response, titled as a "Motion in Opposition to Motion to Dismiss," filed on January 23, 2023, Plaintiff concedes and consents to the dismissal of Count II of her Amended Complaint, explaining she "did misunderstand this law and did not realize it was disability retaliation." ECF No. 27 at 5-7; *see also* at 1 ("At no point did Plaintiff mention a disability in the Complaint. Plaintiff concedes that the Complaint is on the basis of religious discrimination and not Disability [sic] discrimination."); and at 7 ("Plaintiff concedes and does ask the court to dismiss count 2 because of a misinterpretation of the law.").

However, Plaintiff otherwise contests Defendant Alorica's motion to dismiss, and maintains her desire for a jury trial in this case. ECF No. 27 at 5-8. Plaintiff argues that privilege

7

does not apply to the defamatory statements because they were made maliciously or with unethical or gross negligent behavior, ECF No. 27 at 7 (citing 19 U.S.C. § 1592), are direct evidence of religion-based discrimination, *Id.* citing (*Stone v. Autoliv ASP, Inc.*, 210 F. 3d 1132, 1140 (10th Cir. 2000), and, further, constitute a material misrepresentation during the course of an EEOC investigation which could be considered a punishable crime under 18 U.S.C. § 1001. ECF No. 27 at 7. Plaintiff attached to her Response numerous exhibits[1] referred to therein and a list labelling those exhibits, ECF No. 27-1.

### (iv) Defendant's Reply Brief in Support of Defendant's Motion to Dismiss

In its Reply, filed on January 30, 2023, Defendant Alorica Inc. maintains that statements made during the EEOC process, including the position statement, and supporting documents submitted, are privileged, and cannot support a defamation claim. ECF No. 28 at 1. Defendant argues, regardless, that the allegations set forth in the Amended Complaint fall short of stating a cause of action for defamation because she cannot satisfy the tort's elements. ECF No. 28 at 2-3. In Footnote 1 of the Reply Brief, Defendants argue that the Court "need not address Plaintiff's claims asserted under W. Va. Code §§ 33-41, *et seq.*, 19 U.S.C. § 1592, or 18 U.S.C. § 1001, which Plaintiff raises for the first time in her response brief, and which are inapplicable to defamation claims." ECF No. 28 at n.1.

---

[1] *See* Defendant Alorica Inc.'s EEOC Position Statement, ECF No. 27-2, Plaintiff's EEOC Rebuttal Statement, ECF No. 27-3, Letter from EEOC Investigator to Plaintiff Folio, ECF No. 27-4, Attorney-Plaintiff Email, ECF No. 27-5, Plaintiff's EEOC Appeal, ECF No. 27-6, Plaintiff Emails with EEOC Enforcement Supervisor RE: Appeal, ECF No. 27-7, Facebook Photographs Posted by Joe Constable on Sunday, September 26, 2021 at 3:34 p.m., ECF No. 27-8, Facebook Messages Between Plaintiff and Joe Constable, ECF No. 27-9, Plaintiff's Facebook Post About Deceased Dove, ECF No. 27-10, Plaintiff Facebook Activity Log, ECF No. 27-11, Kiersten Perine Sept. 8, 2022 Answer in Circuit Court of Harrison County, Case No. 22-C-160, ECF No. 27-12, Messages Between Samantha Jo Folio and Kiersten J. Brookover, ECF N. 27-13, NCWV Veterinary Emergency Clinic Estimate, ECF No. 27-14, PetHelpers Fundraiser Raffle, ECF No. 27-15, Information about Robert Martino, ECF No. 27-16, Credentials of Ministry – Universal Life Church, ECF No. 27-17, Enchanted Mirror Tarot – Plaintiff's YouTube Channel Analytics, ECF No. 27-18, Rule 11 Verification, ECF No. 27-19, Affidavit of Plaintiff, ECF No. 27-20, and a Proposed Order, ECF No. 27-21.

**(v) Plaintiff's Surresponse Brief, Motion to Compel Discovery, and Motion to Strike**

On February 2, 2023, Plaintiff filed a "Surresponse Brief, Motion to Compel Discovery, and Motion to Strike." ECF No. 30. In the Motion, Plaintiff moves this Court "to compel discovery of 'in camera' evidence from the defendant and strike the defendant's footnote in their Reply Brief." ECF No. 30 at 1. Regarding her Motion to Compel Discovery, Plaintiff requests the Court compel production of chat logs and web camera footage from Defendant's September 14, September 17, and September 21, 2021 training sessions. ECF No. 30 at 3-4. Plaintiff asserts that discovery will provide clarity to "vehemently" disputed facts, ECF No. 30 at 4, and argues that the crime-fraud exception to absolute privilege should apply, and an in camera review should occur as Plaintiff has satisfied the requirements through Exhibits 6, 7, 8, and 9. Plaintiff explains that "[a]s a result of defendant's actions the plaintiff was vilified, hated, became the subject of gossip, nasty stories, and suspected wrongdoings. The plaintiff was unable to obtain legal counsel because every lawyer the plaintiff [went] to asked to view the Defendant's [sic] position statement and exhibit A" which Plaintiff maintains is based upon fabricated, false messages made by her co-worker Kiersten Brookover. *Id.*

Regarding her Motion to Strike, Plaintiff asks the Court to strike Defendant's Footnote 1 from their Reply Brief, ECF No. 28 at n.1, which asks the Court "to ignore criminal charges plaintiff cited" in her Response, because she finds the laws "extremely relevant and important to assure justice." ECF No. 30 at 2. Plaintiff explains she understands that she does not have the authority to charge the Defendant under West Virginia Code § 33-4, *et seq.*, 19 U.S. Code § 1592, 18 U.S.C. Section 1001, or W.Va. Code § 61-3-24D. ECF No. 30 at 3. However, she requests the Court strike Defendant's footnote and further "investigate these crimes" in addition to the ongoing EEOC investigation, 2022-C-16926. *Id.*

### (vi) Defendant's Motion to Strike Plaintiff's Surresponse

On February 16, 2023, Defendant Alorica, Inc. filed a Motion, ECF No. 31, to Strike Plaintiff's Surresponse, ECF No. 30. In the Motion, Defendant argues that this surreply was improperly filed without leave of the Court contrary to the requirements of the Local Rules of Civil Procedure, L.R. 7.02(b)(3) and should be stricken from the record pursuant to Rule 12(f). ECF No. 31 at 2-3.

### (vii)   Plaintiff's Omnibus Motion in Opposition to Motion to Strike and Motion for Default Judgment

On February 21, 2023, the Court received Plaintiff's Omnibus Motion in Opposition of Motion to Strike and Motion for Default Judgment. ECF No. 32. In Opposition to the Motion to Strike, Plaintiff states that she has never consented to electronic service and argues that Defendant has failed to properly serve Plaintiff, as required by L.R. Civ. P. 5.01, because Defendant has been emailing filings, including the Motion to Dismiss and Motion to Strike, to Plaintiff instead of sending physical pleadings via certified mail. ECF No. 32 at 1-4. Plaintiff concludes by stating,

> Defendant has failed to and cannot meet the required (and disfavored) burden to prevail on a motion to strike. For the reasons set forth herein, plaintiff Samantha Folio respectfully requests that this Honorable Court deny defendant Alorica, Inc.'s motion to strike in its entirety as well as deny all motions by the defendant and grant default judgment in the plaintiff's favor for the time frame expiring to be properly serviced. Pursuant to the Federal Rules of Civil Procedure Rule 12(i), the plaintiff respectfully demands a hearing on this and other motions.

ECF No. 32 at 4.

### (viii)   Plaintiff's Motion to Sanction Defense Counsel

On the same date, the Court also received Plaintiff's Motion to Sanction Defense Counsel, ECF No. 33. In this Motion, Plaintiff moves this Court to impose sanctions upon Attorney Laura Bunting and firm Jackson Lewis pursuant to Rules 11(b)(1) and 11(b)(3) of the Federal Rules of Civil Procedure. Plaintiff argues "[b]ecause the defendant has failed to properly serv[e] the

plaintiff the plaintiff incurred unnecessary expense and had to print everything out at her own expense of paper and ink as well as was forced to maintain her internet bill or miss fillings with the court. . . . The Plaintiff never consented to electronic service . . . [T]hus all motions filed by the Defendant should be dismissed for improper service." ECF No. 33 at 2-3. Defendant Alorica Inc.'s EEOC Position statement and submitting Exhibit A, attorney Laura Bunting acted "with gross negligence and extreme malice," violated Rule 1.1 and 1.2(d) of the West Virginia Rules of Professional Conduct and "should be disqualified." ECF No. 33 at 3. Plaintiff also asserts that "Jackson Lewis may incur future civil and criminal lability and has a personal interest in this case" in violation of Rule 1.7(a)(2) of the West Virginia Rules of Professional Conduct and further asserts that she submitted a complaint, Case Number 20221215011, to the Disciplinary Board of the Supreme Court of Pennsylvania on Attorney Laura Bunting, another conflict of interest. ECF No. 33 at 4.

Plaintiff reiterated her request for "camera footage, chat logs, and disciplinary actions of the Defendant's training class in question from 09/13/2022 to 10/04/2022." *Id*. Plaintiff asserts, "With the evidence the Plaintiff will be able to prove without a shadow of doubt that the position statement was completely fraudulent and written with gross negligence." *Id*. Plaintiff concludes her motion by again requesting a hearing pursuant to Rule 12(i) of the Federal Rules of Civil Procedure. *Id*.

### (ix) Plaintiff's Omnibus Motion for Disclosure and to Disqualify Defense Counsel

On the same day, the Court also received Plaintiff's Omnibus Motion for Disclosure and to Disqualify Defense Counsel. ECF No. 34. This Omnibus Motion, while containing the same factual content as the other Motions, ECF Nos. 32, 33, specifically argues that "the Defendant's Counsel Attorney Laura Bunting and Jackson Lewis Law Firm should be disqualified from

representing the defendant due to a conflict of interest and incompetency violating the West Virginia Rules of Ethics." ECF No. 34 at 2. Plaintiff again repeats and preserves her requests for the commencement of discovery, the disclosure of Defendant's camera footage, and a hearing before the Court pursuant to Rule 12(i). *Id*.

### (x)  Defendant's Response to Plaintiff's Motion in Opposition to Motion to Strike and Motion for Default Judgment

On March 7, 2023, Defendant Alorica filed a Response, ECF No. 35, in Opposition to Plaintiff's Motion in Opposition to Motion to Strike and Motion for Default Judgment, ECF No. 32. In the Response, Defendant Alorica argues that its Motion to Strike was filed "to stop Plaintiff's continuous briefing" not to harass her or increase litigation costs as suggested. Defendant Alorica requests that this Court strike Plaintiff's sur-reply brief, ECF No. 30, and rule on the ripe Motion to Dismiss, ECF No. 23, without further briefing. ECF No. 25 at 2. Defendant further "asks that the Court award Alorica its fees associated with responding to this Motion given that Plaintiff does not have good cause for her request." *Id*.

### (xi) Defendant's Response in Opposition to Motion to Sanction Defense Counsel

On the same day, Defendant also filed a Response, ECF No. 36, in Opposition to Motion to Sanction Defense Counsel, ECF No. 33. Defendant argues the extraordinary step of sanctions is not justified because outside the printing expenses incurred, Plaintiff has identified no prejudice incurred by receiving service and regular communication from defense counsel through electronic rather than through print communication. ECF No. 33 at 1-2. Defendant notes that Plaintiff has "responded timely to all of Alorica's filings showing that no prejudice has resulted from electronic service." ECF No. 33 at 2.

Defendant further argues against disqualification of any defense counsel because it is a "drastic "action. ECF No. 36 at 3 (citing *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145-46 (4th

Cir. 1992)), and because there is no information to suggest that Alorica or Altorica's counsel knew

or had any reason to know that text messages or information furnished to the EEOC had been

criminally fabricated. ECF No. 36 at 3-4. Defendant concludes by arguing,

> There is no reason for the extreme action Plaintiff requests here, including sanctions
> and disqualification of counsel. Alorica is entitled to counsel of its choice, and
> respectfully asks this Court to deny Plaintiff's Motion, with prejudice, so the Parties
> concentrate on the merits of Plaintiff's claims rather than sideshow matters. Alorica
> asks that the Court award Alorica its fees associated with responding to this Motion
> given that Plaintiff does not have good cause for her request.

ECF No. 36 at 4.

### (xii)    Defendant's Response to Plaintiff's Motion for Disclosure and To Disqualify Defense Counsel

Lastly, on the same day, Defendant filed a Response, ECF No. 37, in Opposition to

Plaintiff's Motion for Disclosure and To Disqualify Defense Counsel, ECF No. 34. Defendant

asserts in its Response, "Plaintiff does not identify any specific statement in Alorica's Position

Statement that purportedly justifies disqualification and instead asks for a hearing on her requested

relief. There is no basis for Plaintiff's request and this Court should deny Plaintiff's Motion

without a hearing or further briefing." ECF No. 37 at 2. Defendant notes that "EEOC regulations

required Alorica to respond to Plaintiff's allegations by submitting a Position Statement to the

assigned Investigator" and further asserts counsel "is representing Alorica in their professional

capacities and they have no personal interest in the outcome of this matter." ECF No. 37 at 3.

Defendant again asked this Court to deny Plaintiff's Motion, with prejudice, and award Defendant

the fees associated with responding to the Motion. ECF No. 37 at 4.

## IV. ANALYSIS

### I.    Defendant's partial Motion to Dismiss, ECF No. 23, should be GRANTED because Plaintiff admittedly failed to exhaust administrative remedies as to Count II, and Plaintiff failed to plead the essential elements of Count III.

### a. Count II should be dismissed with prejudice because, as Plaintiff concedes, the Count miscited the law, and Plaintiff failed to exhaust remedies for any ADA retaliation claims.

Defendant moves this Court to dismiss Count II because Plaintiff's case, starting with her EEOC Charge and in the present Complaint, pertains to religious discrimination, not disability discrimination or retaliation as cited in Count II. Relatedly, Defendant argues that Plaintiff has failed to exhaust administrative remedies, as required for the ADA retaliation claim, cited in Count II, and thus, Count II should be dismissed.

Only those claims initially included in the administrative charge, those related to the original complaint, and those developed by reasonable investigation may be maintained in a subsequent lawsuit. *DeBacker v. F.B.I.*, No. 1:12CV9, 2012 WL 5331856, at *6 (N.D.W. Va. Oct. 26, 2012), *report and recommendation adopted*, No. 1:12CV9, 2013 WL 1148569 (N.D.W. Va. Mar. 19, 2013) (citing *Evans v. Technologies Applications & Service Co.,* 80 F.3d 954 (4th Cir.1996)). In other words, a plaintiff may not assert an ADA claim in this Court unless they have first exhausted the administrative remedies for the claim by timely filing an EEOC charge containing the same. *See* 42 U.S.C. 12117(a); *see generally Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citing *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)); *Wei-Ping Zeng v. Marshall Univ.*, No. 3:17-CV-3008, 2018 WL 1410418, at *10 (S.D.W. Va. Mar. 21, 2018).

Here, Plaintiff admits she did not raise an ADA retaliation claim in her EEOC charge, and she did not exhaust administrative remedies related to the same. She concedes to Defendant's arguments and consents to the dismissal of Count II of her Amended Complaint, explaining she "did misunderstand this law and did not realize it was disability retaliation." ECF No. 27 at 5-7; *see also* at 1 ("At no point did Plaintiff mention a disability in the Complaint. Plaintiff concedes that the Complaint is on the basis of religious discrimination and not Disability [sic]

discrimination."); and at 7 ("Plaintiff concedes and does ask the court to dismiss count 2 because of a misinterpretation of the law.").

Accordingly, the undersigned **RECOMMENDS** that Defendant Alorica, Inc.'s Motion to Dismiss, ECF No. 23, be **GRANTED** to the extent it seeks the dismissal of Count II and **RECOMMENDS** this Court **DISMISS** Count II of Plaintiff's Amended Complaint, ECF No. 20.

## II. Count III should be dismissed because Plaintiff has not plead the essential elements for a defamation claim.

The Supreme Court of Appeals of West Virginia has provided, "to have a defamation claim, a plaintiff must show that false and defamatory statements were made against him, or relating to him, to a third party who did not have a reasonable right to know, and that the statements were made at least negligently on the part of the party making the statements and resulted in injury to the plaintiff." *Belcher v. Wal-Mart Stores, Inc.*, 211 W. Va. 712, 719, 568 S.E.2d 19, 26 (2002) (quoting *Bine v. Owens*, 208 W.Va. 679, 542 S.E.2d 842 (2000)). *See also* Syl. Pt. 1, *Crump v. Beckley Newspapers*, 173 W.Va. 699, 320 S.E.2d 70 (1983) ("The essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury.").

"The EEOC constitutes a quasi-judicial agency with the authority to administer federal employment discrimination laws, investigate claims by aggrieved parties, and bring actions itself. Proceedings before the EEOC give rise to an absolute privilege." *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 458 (D. Md. 2014) (citing 42 U.S.C. § 2000e–5(b).

This Court has previously held that statements made to an EEOC investigator are protected as part of a judicial proceeding and cannot constitute defamation because they are privileged, or non-published statements made to someone who had a reasonable right to know the information.

*Coleman v. Hous. Auth. of City of Weirton*, No. 5:12CV151, 2014 WL 320179, at *6 (N.D.W. Va. Jan. 29, 2014) (Stamp, J.) (*Collins v. Red Roof Inns, Inc.*, 566 S.E.2d 595, 598 (W.Va.2002)). The Court reasoned: "Because the statements allegedly made by [Defendant] were made to an EEOC official who was investigating the plaintiff's claim, [plaintiff] cannot claim that they were defamatory. [EEOC Official] was a third party who had a reasonable right to know and thus this [defamation] claim fails because the plaintiff cannot prove an essential element of a defamation claim." *Coleman*, 2014 WL 320179, at *6.

Other courts have likewise held that Defendant's statements to EEOC agents during the administrative and/or investigatory process are quasi-judicial in nature, and thus, are absolutely privileged and may not serve as the basis for a defamation lawsuit. *See*, *e.g.*, *Shabazz v. PYA Monarch*, LLC, 271 F. Supp. 2d 797, 805 (E.D. Va. 2003); *Robinson v. Res-Care, Inc.*, No. 2:12-CV-05672, 2012 WL 7947769, at *4 (S.D.W. Va. Dec. 27, 2012) ("The EEOC proceedings instituted by the plaintiff are quasi-judicial proceedings; the defendant's response, accordingly, was absolutely privileged and cannot be a source of liability."), *report and recommendation adopted*, No. CIV.A. 2:12-05672, 2013 WL 3558756 (S.D.W. Va. July 11, 2013).

As Defendant Alorica asserts, like in *Coleman*, Plaintiff has not shown that false and/or defamatory statements were published to anyone outside the EEOC investigator who was a third party who has a reasonable right to process such statements as part of the investigatory process.

Even if the statements provided by Defendant Alorica to the EEOC in the Position Statements were patently false and the text messages fabricated as alleged, because these statements are absolutely privileged, as part of the EEOC process, they "cannot be a source of liability." *Robinson*, 2012 WL 7947769, at *4 (S.D.W. Va. Dec. 27, 2012), *report and recommendation adopted*, 2013 WL 3558756 (S.D.W. Va. July 11, 2013). Without showing a

16

statement published to a nonprivileged third party, Plaintiff Folio cannot sustain a defamation claim. Because the statements allegedly made by Defendant Alorica, Inc. were made to an EEOC official who was investigating the discrimination charge filed by Plaintiff, Plaintiff cannot claim that the statements were defamatory.

Plaintiff Samantha Folio may have other viable claims, but upon review, Count III must be dismissed because the plaintiff has not plead essential elements for a defamation claim – lacking in pleading a nonprivileged communication to a third party and a resulting injury. It is respectfully recommended that Defendant's Motion to Dismiss, ECF No. 23, be **GRANTED**, and Count III of the Amended Complaint, ECF No. 20, be **DISMISSED without prejudice**.

### III.    Defendant's Motion to Strike should be DENIED as *pro se* litigants are entitled to initial procedural leniency.

Both the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit instruct that district courts must not hold *pro se* plaintiffs to the same stringent standards for their pleadings as those formal pleadings filed by lawyers. See e.g. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009)(quoting Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir.1978))("Liberal construction of the pleadings is particularly appropriate where, as here, there is a *pro se* complaint raising civil rights issues.").

Consistent motion practice is surely imperative, and all parties are bound to follow the rules of the court. However, in interest of justice and judicial economy, heeding the advice of superior precedent, the undersigned recommends leniency under these circumstances. The undersigned directs Plaintiff to abide by the Local Rules of Civil Procedure in all future filings and warns that a failure to do so could lead to superfluous filings being struck from the record. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Strike, ECF No. 31, be **DENIED**.

### IV.     Plaintiff's Motion to Compel Discovery and to Strike should granted, in part, and denied, in part, and Plaintiff's other pending motions should be denied.

The undersigned now turns to Plaintiff's various, *pro se* Motions: Motion to Compel Discovery and to Strike, ECF No. 30, Motion to Sanction Defense Counsel, ECF No. 33, and Omnibus Motion for Disclosure and to Disqualify Defense Counsel, ECF No. 34.

In her Motion to Compel, Plaintiff moves the Court to begin discovery and compel the production of chat logs and web camera footage from Defendant's September 14, September 17, and September 21, 2021 training sessions, ECF No. 30 at 3-4. Plaintiff asserts that the crime-fraud exception to absolute privilege should apply, and an *in camera* review should occur as Plaintiff has satisfied the requirements through Exhibits 6, 7, 8, and 9. *Id.*

In her Motion to Strike, Plaintiff asks the Court to strike Defendant's Footnote 1 from their Reply Brief, ECF No. 28 at n.1, which asks the Court "to ignore criminal charges plaintiff cited." ECF No. 30 at 2. Plaintiff asserts the laws "extremely relevant and important to assure justice." Plaintiff understands that she does not have the authority to charge the Defendant under West Virginia Code § 33-4, *et seq.*, 19 U.S. Code § 1592, 18 U.S.C. Section 1001, or W.Va. Code § 61-3-24D. ECF No. 30 at 3. However, she moves this Court strike Defendant's footnote and further "investigate these crimes" in addition to the ongoing EEOC investigation, 2022-C-16926. *Id.*

In her Motion to Sanction Defense Counsel, Plaintiff moves this Court to impose sanctions upon Attorney Laura Bunting and firm Jackson Lewis pursuant to Rules 11(b)(1) and 11(b)(3) of the Federal Rules of Civil Procedure. Plaintiff explains, "[b]ecause the defendant has failed to properly serv[e] the plaintiff the plaintiff incurred unnecessary expense and had to print everything out at her own expense of paper and ink as well as was forced to maintain her internet bill or miss fillings with the court. . . . The Plaintiff never consented to electronic service . . . [T]hus all motions filed by the Defendant should be dismissed for improper service." ECF No. 33 at 2-3. Plaintiff

argues attorney Laura Bunting acted "with gross negligence and extreme malice" by submitting Defendant Alorica's allegedly fraudulent EEOC Position Statement and Exhibits. Plaintiff argues Bunting violated Rule 1.1 and 1.2(d) of the West Virginia Rules of Professional Conduct and "should be disqualified." ECF No. 33 at 3. Plaintiff concludes her motion by requesting a hearing pursuant to Rule 12(i) of the Federal Rules of Civil Procedure. *Id.*

In her Omnibus Motion for Disclosure and to Disqualify Defense Counsel, ECF No. 34, Plaintiff specifically argues that "the Defendant's Counsel Attorney Laura Bunting and Jackson Lewis Law Firm should be disqualified from representing the defendant due to a conflict of interest and incompetency violating the West Virginia Rules of Ethics." ECF No. 34 at 2. Plaintiff again requests the commencement of discovery, the disclosure of Defendant's camera footage, and a hearing before the Court pursuant to Rule 12(i). *Id.*

### A. Disqualification is not justified at this time.

Motions for disqualification require mindful consideration. When a conflict of interest arises, courts should exercise their supervisory power over the members of the bar and disqualify counsel, when appropriate, in order to prevent "the appearance of impropriety." *United States v. Clarkson*, 567 F.2d 270, 273 n. 3 (4th Cir. 1977). At the same time, "the drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992).

It is appropriate to disqualify counsel if the attorney previously represented the opposing party, has confidential knowledge from that prior representation, and there are doubts about the effectiveness of screening procedures. *Burgess-Lester v. Ford Motor Co.*, 643 F. Supp. 2d 811,

819 (N.D.W. Va. 2008) (Keeley, J.). It may also be appropriate to disqualify counsel "when representation of a client will violate the Rules of Professional Conduct or other law." *HealthNet, Inc. v. Health Net, Inc.*, 289 F. Supp. 2d 755, 758 (S.D.W. Va. 2003) (Goodwin, J.).

In the instant case, Plaintiff moves for the disqualification of counsel for the Defendant, Laura Bunting, Esq. as well as the disqualification of the Jackson Lewis Law Firm because of "a conflict of interest and incompetency violating the West Virginia Rules of Ethics." ECF No. 34 at 2. Plaintiff specifically alleges Bunting and Jackson Lewis acted with "gross negligence," "extreme malice," and in violation of Rule 1.2(d) of the West Virginia Rules of Professional Conduct by submitting "fraudulent" exhibits and position statements to the EEOC. ECF No. 34 at 2. Plaintiff alleges that her complaint to the Disciplinary Board of the Supreme Court of Pennsylvania, Case No. 20221215011, regarding Bunting creates an additional conflict of interest. *Id*. Plaintiff lastly argues that Defendants should be disqualified because they violated Rule 1.1 of the West Virginia Rules of Professional Conduct by not competently complying with the service requirements of this Court.

Ultimately, the question of "whether counsel should be disqualified is a matter within the discretion of the district court." *Knechtges v. N.C. Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 2469915, at *1 (E.D.N.C. Feb. 22, 2023) (citing *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996)).

There is ongoing factual dispute among the parties regarding the authenticity of a messenger conversation (which could have occurred between Kiersten Brookover and Plaintiff, or which may have been fabricated utilizing computer software or cellular application that functions as a messenger emulator, such as Fake Chat 2020), which was submitted to the EEOC alongside a position statement on behalf on Alorica, Inc. as provided by in 29 C.F.R. § 1601.15(a). Plaintiff

claims former Alorica employee Kiersten Brookover fabricated the messages. ECF No. 20 at 3. Plaintiff has not articulated any facts to support how defense counsel would have had knowledge as to the allegedly fraudulent nature of the messenger conversation nor has Plaintiff articulated any other facts which create a conflict of interest justifying disqualification. Additionally, the undersigned finds that the filing of a disciplinary complaint by Plaintiff is insufficient to create conflict worthy of disqualification. Disqualification is extreme and currently unjustified. Accordingly, the undersigned recommends that Plaintiff's Omnibus Motion for Disclosure and to Disqualify Defense Counsel, ECF No. 34, be **DENIED**.

### B.  Sanctions are not justified at this time.

Plaintiff seeks sanctions be imposed upon defense counsel Laura Bunting and firm Jackson Lewis pursuant to Rules 11(b)(1) and 11(b)(3) because Defendants alleged failed to properly serve the Plaintiff by mail, instead serving her by email communication, ECF No. 33 at 2-3, and because Bunting and Jackson Lewis alleged submitted Defendant Alorica Inc.'s EEOC Position statement and "with gross negligence and extreme malice," in violation of Rule 1.1 and 1.2(d) of the West Virginia Rules of Professional Conduct. ECF No. 33 at 3. Defendants, by counsel, responds by stating "There is no reason for the extreme action Plaintiff requests here, including sanctions and disqualification of counsel. Alorica is entitled to counsel of its choice, and respectfully asks this Court to deny Plaintiff's Motion, with prejudice, so the Parties concentrate on the merits of Plaintiff's claims rather than sideshow matters." ECF No. 36 at 4.

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Nutter v. Clear Channel Commc'ns*, No.

CIV.A. 5:02CV157, 2006 WL 355181, at *3 (N.D.W. Va. Feb. 15, 2006) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

A sanction under Rule 11 may include an order to pay a penalty into the Court or to pay the reasonable attorney's fees resulting from the violation. Fed.R.Civ.P. 11(c)(4). However, the Fourth Circuit has cautioned that Rule 11 "should not blindly be used to shift fees." *In re Kunstler,* 914 F.2d 505, 522 (4th Cir.1990). "In choosing a sanction '[t]he basic principle ... is that the least severe sanction adequate to serve the purpose should be imposed.'" *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir. 1987) (citing Schwarzer, *Sanctions Under the New Federal Rule 11–A Closer Look*, 104 F.R.D. 181, 201 (1985)).

"The party moving for Rule 11 sanctions has the burden of proving a violation of Rule 11; once that burden is met, it shifts to the responding party to prove that his conduct was reasonable." Moseley v. Gardiner, No. 1:20CV1248 (AJT/JFA), 2021 WL 3629230, at *4 (E.D. Va. July 16, 2021), report and recommendation adopted, No. 120CV1248AJTJFA, 2021 WL 3618271 (E.D. Va. Aug. 16, 2021), appeal dismissed sub nom. Moseley v. Vaughn, No. 21-2026, 2021 WL 7570759 (4th Cir. Dec. 9, 2021).

Plaintiff has simply not met the difficult burden of proving a violation of Rule 11 has occurred or showing prejudice or misconduct justifying the use of the sanctions requested. While Plaintiff asserts that defense counsel acted with "gross negligence" and "malice" in responding to her EEOC charge, she has not articulated for the Court facts demonstrating the same. Similarly, while there is an alleged misstep in service and communication among the parties, it is clear from the record and from Plaintiff's numerous filings, that she has not missed notice of Defendant's filings nor has she missed any opportunity to file or advocate on her own behalf. At this juncture, the undersigned **FINDS** that **no** sanctions are justified, including the striking of filings,

disqualification of counsel, shifting of costs or fees, default judgements, as requested by the parties. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Sanctions, ECF No. 33, be **DENIED**.

> ### C.  Plaintiff's motion to strike should be denied; however, this action should proceed to discovery in normal course as requested.

In her Surresponse Brief, Motion to Compel Discovery, and Motion to Strike, ECF No. 30, Plaintiff moves the Court to begin discovery and compel production of certain chat logs and web camera footage from Defendant's training sessions. ECF No. 30 at 3-4. Plaintiff also moves the Court to strike Defendant's Footnote 1 from their Reply Brief, ECF No. 28 at n.1, pursuant to certain whistleblower protections under 15 U.S. Code § 2087.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). In the at-issue Footnote 1, Defendant, by Counsel, states: "The Court need not address Plaintiff's claims asserted under W. Va. Code §§ 33-41, *et seq.*, 19 U.S.C. § 1592, or 18 U.S.C. § 1001, which Plaintiff raises for the first time in her response brief, and which are inapplicable to defamation claims." ECF No. 28 at n.1. Plaintiff requests the same be stricken by the Court but does not provide any substantive explanation as to why such an action should be taken. As above, Section IV.III (leniency) and Section IV.IV.B, (burden for sanctions unmet), the undersigned **FINDS** this Court do not have sufficient justification at this time to strike this footnote as requested. Similarly, 18 United States Code § 1001 et seq., provides the criminal provisions for fraud and false statements. Under 18 U.S. Code § 1034, the Attorney General is empowered to bring "civil action[s] in the appropriate United States district court[,]" but Chapter 47 contains no other language does not provide a private action or private remedy to private citizens.

In her Motion, Plaintiff further requests the Court "investigate these crimes" in addition to the ongoing EEOC investigation, 2022-C-16926. ECF No. 30 at 3.  This Court surely has original jurisdiction under 18 U.S. Code § 3231 to hear all criminal cases involving offenses against the laws of the United States. However, it does not have authority to "investigate" or "prosecute" as requested.

Accordingly, the undersigned **RECOMMENDS**, to the extent the Motion seeks this Court to strike Defendant's filings, including Footnote 1, ECF No. 28 at n. 1, and "investigate these crimes," that Plaintiff's Motion, ECF No. 30, be **DENIED in PART**. To the extent the Motion seeks the issuance of a scheduling order and the commencement of discovery as to the remaining Counts I and IV, the undersigned **RECOMMENDS** that Plaintiff's Motion, ECF No. 30, be **GRANTED in PART**.

### D.  A hearing is not required under Rule 12(i) in order to resolve the pending motions.

Plaintiff requests a hearing pursuant to Rule 12(i) of the Federal Rules of Civil Procedure. ECF Nos. 33 at 3; 34 at 2. Rule 12(i) reads:

> If a party so moves, any defense listed in Rule 12(b)(1)-(7) – whether made in a pleading or by motion – and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

Fed. R. Civ. P. 12. However, it is not necessary for district courts to hold a hearing prior to ruling on a motion to dismiss. *See Trantham v. Henry Cnty. Sheriff's Off.*, No. 4:10CV00058, 2011 WL 863498, at *8 (W.D. Va. Mar. 10, 2011) (denying request for hearing under post-2007 Rule 12(i) hearing provision where motions were "well briefed and a hearing would not aid this Court in its decisional process."), *aff'd*, 435 F. App'x 230 (4th Cir. 2011). It is normal for a civil action to proceed with all preliminary determinations being made based upon the parties written contentions, or briefs, without the court conducting a motion hearing. *See* Wright & Miller § 1373; *see also*, *e.g.*, *Miller v. Collier*, 2012 WL 1739878 (D. Md. 2012)("No hearing is needed to

resolve . . . this case."), *aff'd*, 474 Fed. Appx. 418 (4th Cir. 2012) ("We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.").

Here, both the *pro se* Plaintiff and learned counsel adequately presented written arguments on all issues raised within cursory Rule 12(b) Partial Motion to Dismiss, as well as all other motions. The undersigned believes the parties have had ample opportunity to provide the Court with responsive materials and does not believe a hearing would aid this Court in its decisional process. Accordingly, to the extent Plaintiffs' motions request a hearing before the Court pursuant to Rule 12(i), the undersigned recommends Plaintiffs' motions, ECF Nos. 33, 34, be **DENIED**.

### V. CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** Defendant Alorica, Inc.'s Motion to Dismiss Counts II and III, ECF No. 23, be **GRANTED**, and Counts II and III of Plaintiff Samantha Jo Folio's Amended Complaint, ECF No. 20, be **DISMISSED** accordingly. The undersigned further recommends, based on the foregoing, that Defendant's Motion to Strike Plaintiff's Surreply to Defendant's Motion to Dismiss, ECF No. 31, be **DENIED**, and all Plaintiff's pending motions, ECF Nos. 30, 32, 33, 34, be **DENIED**.

Any party shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objection should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Circ. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: May 16, 2023.


MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE