IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMANTHA JO FOLIO,**

    **Plaintiff,**

  **v.**                                    **CIVIL NO. 1:22-CV-109**
                                                            **(KLEEH)**

**ALORICA, INC.,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Report and Recommendation ("R&R") by the Magistrate Judge, recommending that the Court grant the motion for summary judgment filed by Defendant Alorica, Inc. ("Alorica") and deny the motion for summary judgment filed by the pro se Plaintiff, Samantha Jo Folio ("Folio"). For the reasons discussed below, the Court adopts the R&R in part, rejects the R&R in part, grants Alorica's motion, and denies Folio's motion as moot.

**I.   FACTUAL BACKGROUND**

In September 2021, Folio was hired as a Customer Service Representative at Alorica. Exh. A to Def. Motion, Folio Dep. 68:10-15, ECF No. 125-1. She participated in a virtual training class within the first month of her employment. Id. Alorica's policies prohibit discrimination based on religion. Id. at 94:3-18. They also prohibit unprofessional conduct. Id. at 97:15-17.

**MEMORANDUM OPINION AND ORDER**

During the course of the training class, another employee, Kirsten Brookover ("Brookover"), informed Alorica that Folio had sent her messages through social media that made her feel uncomfortable and unsafe. Id. at 106:1-5. Brookover stated that Folio was harassing her. Id. at 150:7-10. Alorica's policies required Brookover to report her concerns and required Alorica to investigate them. Id. at 105:20-24, 106:6-9. If Alorica concluded that Brookover was made to feel unsafe and uncomfortable, it could justifiably discipline Folio and terminate her employment. Id. at 106:10-16.

Brookover provided Alorica with copies of the exchange with Folio. Id. at 106:1-5. The messages indicated that offensive language was sent by a "Samantha Folio." Id. at 107:13-17, 108:6-12. The profile associated with "Samantha Folio" is a photograph of Folio. Id. at 108:13-18. The messages included a photograph of a headless dove, which Folio had in her possession. Id. at 111:13-19, 113:21-23. Brookover also reported that Folio, a self-professed professional tarot card reader, told Brookover that a card revealed that Brookover's unborn child was going to die. Exh. C to Def. Motion, ECF No. 125-3, ALORICA000022. Brookover told Alorica that she was afraid for her own safety. Id. Folio has admitted that receiving a photograph of what appears to be a dead

bird could make the recipient feel uncomfortable. Exh. A to Def. Mot., Folio Dep. at 119:14-19, ECF No. 125-1.

On October 4, 2021, Alorica suspended Folio's employment while it began an investigation. Id. at 124:4-16. Folio contends that she worked on October 4, 2021, and was suspended mid-shift at 5:29 p.m., without pay, at which time the head of the training department, Sarah Wilson, said that they did "not want[] witchcraft here" (at Alorica). See Pl. Mot., ECF No. 119, at 3. Alorica disputes the statement.

It is undisputed that Folio is a member of the American Hellenism religion. Def. Memo. in Support, ECF No. 126, at 1. Alorica contends that only after learning of her suspension did Folio share with Alorica that she was a "legally ordained minister." Exh. C to Def. Mot., ECF No. 125-3, ALORICA000025. She did not identify her religion at the time but, instead, threatened legal action against Alorica. Id. Folio's religious creed is not readily apparent through personal appearance. Exh. A to Def. Mot., Folio Dep. at 60:10-13, ECF No. 125-1. Further, Folio's co-workers, viewing her on webcam, would not automatically know that she is a pagan. Id. at 62:4-7.

**MEMORANDUM OPINION AND ORDER**

Folio posted a video on social media discussing her suspension.[1] Id. at 133:3-8. Folio was mad that she was suspended and knew that the video could make Brookover uncomfortable. Id. at 133:13-20; 134:22-135:1. Brookover reported the video to Alorica and asked what could be done to ensure her safety from Folio. Exh. C to Def. Mot., ECF No. 125-3, ALORICA000026. Brookover sent another message to Alorica conveying how anxious and sad she felt because of Folio's actions, which were impairing her concentration and training. Id. at ALORICA000030. Brookover's reports were so concerning to Alorica that Human Resources discussed with Brookover whether Folio knew where she lived. Id. at ALORICA000027.

Alorica terminated Folio's employment after the internal investigation, concluding that Folio violated Alorica's policies by unnecessarily intimidating a peer for invoking Alorica's reporting policies. Def. Memo. in Support, ECF No. 126, at 10. On October 14, 2021, Folio filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination. Pl. Mot, ECF No. 119, at 3. In May 2022, her case was dismissed, and she was provided a Right to Sue. Exh. 9

---

[1] The Magistrate Judge has noted that the video appeared to be unavailable as of April 4, 2024.

to Pl. Mot, ECF No. 119-10. The case was reopened and dismissed again. Exh. 1 to Pl. Mot, ECF No. 119-2.

## II.   PROCEDURAL BACKGROUND

On October 25, 2022, Folio filed a complaint in this case. See ECF No. 1. On December 6, 2022, she filed an amended complaint. See ECF No. 20. In it, she brought four causes of action: (1) Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) Violation of 42 U.S.C. § 12293 – Prohibition Against Retaliation and Coercion; (3) Violation of 28 U.S.C. § 4101 – Defamation of Character, Libel and Slander; and (4) Intentional Infliction of Emotional Distress. On July 12, 2023, pursuant to a motion to dismiss, the Court dismissed Counts Two and Three. See ECF No. 42.

On October 27, 2023, Folio filed a motion for summary judgment, alleging that the text messages had been fabricated and that her employment termination was religious discrimination. See ECF No. 119. On November 17, 2023, Alorica filed a motion for summary judgment, contending that Folio's employment was terminated because of the inappropriate communications made to another employee, regardless of Folio's religious beliefs. See ECF Nos. 125, 126.

### III. <u>REPORT AND RECOMMENDATION</u>

The Magistrate Judge entered an R&R, recommending that the Court grant summary judgment in favor of Alorica. The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." On April 16, 2024, Folio filed objections to the R&R. <u>See</u> ECF No. 169. Alorica filed a response to the objections. <u>See</u> ECF No. 180. Due to the extensive nature of Folio's objections, the Court will review the R&R <u>de</u> <u>novo</u>.

### IV. <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

"When the moving party has carried its burden . . . , its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. Rather, the court must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Rule 56(c)(1) sets forth the ways in which a nonmoving party can prove that a material fact is genuinely disputed:

> (A) [by] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or
>
> (B) [by] showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

At its core, the summary-judgment process examines whether a trial is needed. See Anderson, 477 U.S. at 250.

## V. DISCUSSION

As discussed, Folio's remaining allegations are religious discrimination under Title VII (Count One) and intentional infliction of emotional distress (Count Four). Alorica is entitled to summary judgment on both counts.

### A. Alorica is entitled to summary judgment on Count One (Title VII) because Folio has failed to produce any evidence creating an inference of unlawful discrimination.

Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2. "Courts have recognized that employees may utilize two theories in asserting religious discrimination claims": the "disparate treatment" theory and the "failure to accommodate" theory. Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1017 (4th Cir. 1996) (citations omitted). "[A] plaintiff-employee, alleging disparate treatment with respect to her discharge, satisfies her burden at the summary judgment stage if she establishes that her job performance was satisfactory and provides 'direct or indirect evidence whose cumulative probative force supports a reasonable inference that [the] discharge was

discriminatory.'" Id. (citing Lawrence v. Mars, Inc., 955 F.2d 902, 905-06 (4th Cir. 1992), cert. denied, 506 U.S. 823 (1992)).

"If the employee cannot provide direct evidence," she can utilize the McDonnell Douglas burden-shifting framework to develop an inferential case. Id. (citation omitted). "This might consist of evidence that the employer treated the employee more harshly than other employees of a different religious, or no religion, who had engaged in similar conduct." Id. (citation omitted). "If the employee presents such evidence, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason or its actions toward the employee." Id. (citation omitted). "The employee is then required to show that the employer's proffered reason is pretextual, and that the employer's conduct towards her was actually motivated by illegal considerations." Id. "At all times, the ultimate burden of persuasion lies with the employee." Id. (citation omitted).

Here, Folio appears to raise a disparate treatment claim, as opposed to a failure to accommodate claim. It is undisputed that Folio is a member of a protected class due to her religious beliefs. It is also undisputed that Folio was qualified for her position at Alorica and that she suffered adverse employment actions (suspension, followed by termination). Thus, the Court is tasked with determining whether Folio has created a genuine issue

of material fact as to whether an inference of discrimination exists, and if that is satisfied, whether she has produced evidence of pretext.

In responding to Alorica's motion for summary judgment, Folio has not met her burden under Rule 56 with respect to her <u>prima facie</u> case. As discussed above, Folio has the burden either to "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or to "show[] that the materials cited [by Alorica] do not establish the absence . . . of a genuine dispute, or that [Alorica] cannot produce admissible evidence to support the fact." She has done neither.

Folio's purported evidence creating an inference of discrimination includes her allegation that Sarah Wilson, the head of Alorica's training department, said to her, "We don't want witchcraft here." <u>See</u> Pl. Mot., ECF No. 119, at 3. As far as the Court can tell, this is merely a bald allegation and has not been established via deposition testimony, affidavit, documentation, or other evidence. Under Rule 56, Folio's assertions alone are not enough to withstand summary judgment. <u>See</u> Rule 56(c)(1); <u>see also</u> <u>Pronin v. Johnson</u>, 628 F. App'x 160, 161 (4th Cir. 2015) ("[A] party cannot withstand summary judgment by relying solely on his

own self-serving allegations unsupported by any corroborating evidence[.]") (per curiam) (citing Williams v. Giant Food Inc., 370 F.3d 423, 433 (4th Cir. 2004)). Summary judgment is appropriate when a plaintiff submits no affidavits or evidence in support of an allegation. See Choe v. Smith, No. 94-2143, 1995 WL 541675, at *2 (4th Cir. 1995) (unpublished) (citations omitted). Folio's assertion, alone, does not create a genuine issue of material fact.[2]

Further, Folio has not produced any evidence of different treatment of similarly situated employees outside of the protected class. In other words, Folio has not pointed to another employee — who is not in her protected class — who remained employed at Alorica after engaging in the same behavior. Overall, Folio has not provided "direct or indirect evidence whose cumulative probative force supports a reasonable inference that [the] discharge was discriminatory." See Chalmers, 101 F.3d at 1017.

Finally, assuming for the sake of argument that Folio has established a prima facie case (she has not), Alorica is entitled to summary judgment because Folio has produced no evidence of pretext. Alorica has provided a legitimate, non-discriminatory

---

[2] Folio states in her briefing that she has sworn to this fact numerous times, but she attaches no sworn statement to her response.

reason for its suspension and termination of Folio: Folio's intimidation of a fellow employee. To carry her burden at the pretext stage, Folio must present evidence to "establish both that the employer's reason [for the termination] was false and that the [discrimination] was the real reason for the challenged conduct." Cole v. Family Dollar Stores of Md., Inc., 811 F. App'x 168, 174 (4th Cir. 2020). Folio has failed to do so.

In Cole, the Fourth Circuit applied the McDonnell Douglas burden-shifting framework in the context of claim under the Age Discrimination in Employment Act of 1967 (ADEA). In that case, the plaintiff admitted to absences at work and admitted that she could be fired for violating her company's attendance policy. Id. The Fourth Circuit found, partly based on these admissions, that the plaintiff did not produce evidence tending to show that the company's non-discriminatory reason for firing her was false. Id.

Here, too, during her deposition, Folio admitted to violating company policies. She admitted that she engaged in intimidating behavior after the text messages were reported to Alorica:

> Q:   . . . So after Alorica suspended you, you created and publicly posted a video talking about your suspension?
>
> A.   I did not mention -- I did create a video talking about my suspension, but I did not mention any names. And I didn't mention the Company that I worked for, and I did not post Alorica as my public employer. So nobody knew the Company I was working for. However, I did

> say I was -- like what had happened to me like
> without naming any people or –
>
> Q.   You agree, though, that if Ms. Brookover
> watched that video, it would be obvious to her
> that you were talking about your suspension
> from Alorica because of her complaint about
> you?
>
> A.   Yes.
>
> Q.   You'd agree that that could make someone
> feel like more uncomfortable?
>
> A.   Yes.

Exh. A to Def. Motion, Folio Dep. 133:3-20, ECF No. 125-1.  Folio also admitted that Alorica's policies required termination for any employee found to have harassed or retaliated against another:

> Q:   You'd agree that if an employer concluded
> that a co-worker had made another co-worker
> feel unsafe, that could be a reasonable basis
> for discipline?
>
> A:   If they concluded after an investigation
> that another employee felt unsafe, then, yes,
> discipline would be necessary.
>
> Q:   And that discipline could include
> termination if a colleague made another feel
> unsafe, right?
>
> A:   Yes.

Id. at 93:8-16.  Folio admitted to posting the video and has not sufficiently challenged Brookover's statement that she felt

unsafe.[3] Overall, Folio has produced no evidence of pretext, especially given these admissions.

For all of these reasons, there is no genuine issue for trial with respect to Count One, and Alorica is entitled to judgment as a matter of law. Alorica's motion for summary judgment is **GRANTED** with respect to Count One.

> **B. Alorica is entitled to summary judgment on Count Four (Intentional Infliction of Emotional Distress) because Folio has failed to produce any evidence of outrageous conduct.**

Alorica argues that it is entitled to summary judgment with respect to Count Four, the claim of intentional infliction of emotional distress ("IIED") (also known as the tort of outrage). A plaintiff must establish the following elements to prevail on a claim of IIED:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

---

[3] Folio makes more bald assertions that Alorica's evidence is fabricated. There is no evidence in the entire record that this is true.

Syl. Pt. 3, Travis v. Alcon Lab'ys, Inc., 504 S.E.2d 419 (W. Va. 1998). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Harless v. First Nat. Bank in Fairmont, 289 S.E.2d 692, 705 (W. Va. 1982).

After a thorough review of the record, the Court has not located any evidence indicating that Alorica's actions in suspending and terminating Folio's employment were "extreme and outrageous." Nothing suggests that Alorica's conduct exceeded the bounds of decency. Accordingly, Alorica's motion for summary judgment is **GRANTED** with respect to Count Four.

## VI. CONCLUSION

For the reasons outlined, the Court **ORDERS** as follows:

- With respect to the R&R [ECF No. 163], it is **ADOPTED IN PART**, to the extent that the facts and analysis are the same as included herein, and it is **REJECTED IN PART**, to the extent that they are not;

- Alorica's motion for summary judgment is **GRANTED** [ECF No. 125];

- All other pending motions are **DENIED AS MOOT**;

- This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

- The Clerk is **DIRECTED** to enter judgment in favor of Alorica.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of the Memorandum Opinion and Order to counsel of record and any unrepresented parties.

DATED: September 30, 2024

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA